# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF TEXAS
# EL PASO DIVISION

| | | |
|---|---|---|
| **TOMAS ALFREDO MACARIO MORALES,** | § § § | |
| *Petitioner*, | § § § | |
| v. | § § § | |
| **JOHN DOE, IN HIS CAPACITY AS WARDEN OF CAMP EAST MONTANA DETENTION FACILITY; MARISA FLORES, ACTING FIELD OFFICE DIRECTOR, EL PASO FIELD OFFICE, ENFORCEMENT AND REMOVAL OPERATIONS; TODD LYONS, ACTING DIRECTOR, U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; KRISTI NOEM, SECRETARY OF DEPARTMENT OF HOMELAND SECURITY; PAMELA BONDI, U.S. ATTORNEY GENERAL; SIRCE E OWEN, ACTING DIRECTOR, EXECUTIVE OFFICE FOR IMMIGRATION REVIEW; U.S. DEPARTMENT OF HOMELAND SECURITY; U.S. IMMIGRATION AND CUSTOMS ENFORCEMENT; U.S. DEPARTMENT OF JUSTICE; and U.S. EXECUTIVE OFFICE FOR IMMIGRATION REVIEW,** | § § § § § § § § § § § § § § § § § § § § § § § § § | No. 3:25-CV-00546-LS |
| *Respondents*. | § | |

**<u>ORDER DENYING MOTION FOR PRELIMINARY INJUNCTION</u>**

Petitioner Tomas Alfredo Macario Morales filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241.[1] He also filed a motion for a preliminary injunction.[2] For the following reasons, the Court denies Petitioner's motion for a preliminary injunction.

## I. LEGAL STANDARD.

The elements required to grant a motion for injunctive relief are:

> (1) there is a substantial likelihood that the movant will prevail on the merits; (2) there is a substantial threat that irreparable harm will result if the injunction is not granted; (3) the threatened injury outweighs the threatened harm to the defendant; and (4) the granting of the preliminary injunction will not disserve the public interest.[3]

When the government is the opposing party, the third and fourth elements merge.[4] The district court has discretion as to whether to grant or deny a preliminary injunction.[5]

## II. ANALYSIS.

"The purpose of a preliminary injunction is not to give the plaintiff the ultimate relief it seeks."[6] Instead, it "is to preserve the *status quo* and prevent irreparable injury until the court renders a decision the merits."[7] Petitioner requests that a preliminary injunction be issued to require Respondents to release him or provide a bond hearing.[8] But the ultimate relief he seeks is also release from custody or a bond hearing.[9] The Court can only preserve the *status quo*, not provide Petitioner with the ultimate relief requested.

## III. CONCLUSION

---

[1] ECF No. 1.
[2] ECF No. 3.
[3] *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987).
[4] *Texas v. U.S. Dep't of Homeland Sec.*, 700 F. Supp. 3d 539, 544 (W.D. Tex. 2023) (quoting *Nken v. Holder*, 556 U.S. 418, 435–36 (2009)).
[5] *Apple Barrel Prods., Inc. v. Beard*, 730 F.2d 384, 386 (5th Cir. 1984).
[6] *WarnerVision Ent. Inc. v. Empire of Carolina, Inc.*, 101 F.3d 259, 261 (2d Cir. 1996).
[7] *Sambrano v. United Airlines, Inc.*, No. 21-11159, 2022 WL 486610, at *4 (5th Cir. 2022).
[8] ECF No. 3 at 7.
[9] ECF No. 1 at 3.

For this reason, Petitioner's motion [ECF No. 3] is denied.

**SO ORDERED**.

**SIGNED** and **ENTERED** on November 25, 2025.

_____
**LEON SCHYDLOWER**
**UNITED STATES DISTRICT JUDGE**